

RECEIVED
IN LAKE CHARLES, LA
OCT -4 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| BARRY BROWN | CIVIL ACTION NO. 06-1144 |
| VS. | SECTION P |
| NELDA WILSON, ET AL. | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on July 3, 2006, by *pro se* plaintiff Barry Brown. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and he is incarcerated at Allen Correctional Center (ACC) in Kinder, Louisiana. Plaintiff complains that he received inadequate medical attention at ACC, and he names the following as defendants herein: ACC Health Service Director Nelda Wilson; ACC Nurses Loretta Istre and Brenda Mouser; and ACC Physician Barbara T'hart.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff alleges that he has not received adequate medical care while housed at ACC. More specifically, he claims that he has a continuing problem with the skin around his scalp and ears. This problem apparently predates his transfer to ACC as plaintiff states that while at another facility he was scheduled to see a dermatologist but was transferred prior to the appointment. Upon arriving at ACC, plaintiff claims that defendant T'hart told him that she and the ACC medical staff were aware of his problem and would make him another appointment but never did. In regard to plaintiff's medical history, the summary that he provided in his complaint shows as

follows:

**June 16, 2005–** Plaintiff seen by Nurse Istre who recorded a foul odor and that plaintiff was not cleaning behind his ear. He was instructed to wash with soap and water.

**June 20, 2005–** Plaintiff seen by Dr. T'hart who noted plugged sweat glands and folliculitis. Antibiotics were prescribed.

**July 27, 2005–** Plaintiff filed a routine sick call but failed to show up for the call out.

**August 2, 2005–** Plaintiff seen by Nurse Mouser who noted acne behind the ears, face, and neck. Antibiotics were prescribed and plaintiff was given a clipper pass.

**October 12, 2005–** Plaintiff seen by Dr. T'hart who diagnosed old scars behind plaintiff's ears as well as the start of a boil on his ear. Antibiotics were again prescribed.

**November 6, 2005–** Plaintiff seen by Nurse Mouser who noted a boil. Antibiotics were given.

**February 17, 2006–** Plaintiff filed a routine sick call (wherein he requested a dermatologist appointment) but failed to show up for the call out.

**February 27, 2006–** Plaintiff filed a routine sick call wherein he requested a dermatologist appointment but was seen by Nurse Mouser who diagnosed folliculitis. Plaintiff was also seen by Dr. T'hart who diagnosed cellulites and ordered antibiotics.

As a result of the above actions, plaintiff asks this court to order Allen Correctional Center to allow him to be examined by a dermatologist, as well as to award him $350.00 for each day that he has had the complained of problem.[1]

---

[1] Plaintiff claims that he exhausted his administrative remedies in regard to this matter. Specifically, he states that Step 1 was denied and that he appealed Step 2 to the Secretary. Plaintiff apparently hand-copied (and attached to his complaint) the response to his ARP that was filed on March 1, 2006. The response denied plaintiff's ARP and noted that Dr. T'hart did not see the need for a referral to a dermatologist. [Doc. #1-1, pp.2-4].

## LAW AND ANALYSIS

### Frivolity Review

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court is obliged to dismiss the case at any time if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B); 28 U.S.C.A. § 1915A; 42 U.S.C.A. § 1997e(c). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos,* 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle,* 788 F.2d 1116, 1120 (5th Cir.1986).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted). While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153,* 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein,* 923 F.Supp. 931, 942-43 (S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood,* 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v. Ogleby,* 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions,

with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ]."). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint sufficiently establishes his theories of liability with respect to the named defendants, and the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly recommends dismissal of the complaint that his claims are frivolous as a matter of law, and that his complaint should be dismissed with prejudice.

## Medical Care Claims

Plaintiff claims that he was denied adequate medical care. To state such a claim under § 1983, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 106, 97 S.Ct. 285 (1976). To demonstrate "deliberate indifference," the prisoner must show that the prison official knew of and disregarded an excessive risk to the prisoner's health. *Farmer v. Brennan*, 114 S.Ct. 1970 (1994). See *Wilson v. Seiter*, 111 S.Ct. 2321 (1991) (holding that a prisoner must show a culpable or punitive state of mind on the part of the prison official accused of violating the Eighth Amendment). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th

4

Cir.1997). Thus, not every claim of inadequate or improper medical treatment is a violation of the Constitution. *Estelle v. Gamble*, 429 U.S. at 105-07. Complaints of negligence, neglect, unsuccessful treatment, or even medical malpractice do not give rise to constitutional claims. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991); *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir.1993). See *Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5th Cir.1982) (footnote omitted) ("Neither inadvertent failure to provide adequate medical care, nor carelessness, nor even deliberate failure to conform to the standards suggested by experts is cruel and unusual punishment.").

A prisoner's disagreement with his medical treatment also does not give rise to a claim under § 1983. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997). "Rather, the [prisoner] must show that the official[s] 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino v. Texas Dept. Of Criminal Justice*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)). In the present case, the evidence before the court does not support a finding of deliberate indifference. To the contrary, the complaint establishes that plaintiff was seen by medical personnel at least eight times relative to his alleged skin problems. On several occasions antibiotics were prescribed to treat his condition.

The facts alleged by plaintiff clearly do not demonstrate that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly or engaged in any conduct that would clearly evince a wanton disregard for any serious medical needs. By plaintiff's own admission, he was examined at least eight times between June 16, 2005 and February 27, 2006. This activity does not suggest that the defendants "ignored his complaints." Nor does such activity "clearly evince a wanton disregard" for plaintiff's medical needs. In short, plaintiff's medical care claim is frivolous, and dismissal on that basis is recommended.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, October 4, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE